**COUNTY OF BENTON, a Political Subdivision of the State of Minnesota by its BOARD OF COMMISSIONERS, Respondent,**

v.

**Daniel W. GRUSZKA, et al., Appellants.**

**No. C7-85-2153.**

Court of Appeals of Minnesota.

May 20, 1986.

James J. Kremer, Dale E. Mossey, St. Cloud, for respondent.

Gerald W. VonKorff, St. Cloud, for appellants.

Heard, considered and decided by FOLEY, P.J., and SEDGWICK and NIERENGARTEN, JJ.

## OPINION

FOLEY, Judge.

Daniel and Doris Gruszka appeal from a district court judgment entered on a jury verdict in a condemnation action, arguing that the trial court erred by not entering judgment for the larger sum initially awarded by the commissioners since the county did not challenge the Commissioners' award. We affirm.

## FACTS

Benton County commenced a condemnation action against appellants and others for highway and bridge construction purposes. A panel of three Commissioners, appointed by the district court, appraised appellants' land and entered an award of $160,000. The landowners appealed to the district court from this award, asserting that the Commissioners' award was inadequate. *See* Minn.Stat. § 117.145 (1984). The County did not appeal. A jury valued the land at $150,000, and the court entered judgment in that amount in August 1985.

## ISSUE

Did the trial court properly enter judgment upon the jury's valuation of appellants' property?

## ANALYSIS

The landowners argue that since the County did not appeal from the Commissioners' award, they are entitled to judgment on the larger of the two awards. Here, the Commissioners' award was $10,000 larger than the jury award.

Minn.Stat. § 117.175 (1984) grants the landowners in a condemnation action the right to appeal to the district court from the Commissioners' award.

> Such appeal may be noticed for trial and tried except as herein otherwise provided as in the case of a civil action and the court may direct that issues be framed * * *. The owners shall go forward with the evidence and have the burden of proof as in any other civil

action, with the right to open and close. *The court or jury trying the case shall reassess the damages de novo and apportion the same as the evidence and justice may require.* Upon request of a party to such appeal, the jury or court shall show in the verdict or order the amount of the award of damages which is to reimburse the owner for the land taken and the amount of the award of damages, if any, which is to reimburse the owner for damages to the remainder tract not taken whether or not described in the petition.

Minn.Stat. § 117.175, subd. 1 (emphasis supplied).

Once the landowners' appeal proceeds to a verdict, their rights become vested by virtue of the verdict. *See City of Maplewood v. Kavanagh,* 333 N.W.2d 857, 862 (Minn.1983). After the jury returns its verdict, the trial court must enter judgment on that verdict unless the trial court grants a new trial or otherwise modifies the verdict according to law.

*Judgment shall be entered upon the verdict or decision,* fixing the amount of damages payable to the several parties concerned and the terms and conditions of the taking and, until reversed or modified in a direct proceeding begun for that purpose, the judgment shall be binding upon the petitioner and all other parties thereto and upon their respective successors and assigns. The parties may stipulate in lieu of entry of judgment.

Minn.Stat. § 117.185 (1984) (emphasis supplied).

The trial court could not enter judgment on the Commissioners' award even though it was more favorable to the landowner because the landowners had appealed from that award. The challenged Commissioners' award is rendered "moot by the *de novo* review later afforded in the district court." *City of St. Louis Park v. Almor Co.,* 313 N.W.2d 606, 607 (Minn. 1981). "*[D]e novo* review of condemnation damages at the trial level, eliminates the significance here of the commission award * * *." *Id.* at 610.

The only significance the Commissioners' award has upon appeal to the district court is as evidence on the issue of the land's value. The parties may call a commissioner "as a witness to testify as to the amount and the basis of the award of commissioners," and the parties are also free to cross-examine the Commissioner and qualify the Commissioner as an expert. Minn.Stat. § 117.175, subd. 1.

## DECISION

The trial court properly entered judgment on the jury's finding of the value of the landowners' condemned property.

Affirmed.